# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2021

Lyle W. Cayce
Clerk

No. 19-40678

Sheron Gabriel Terrell,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-179

Before Stewart, Graves, and Higginson, *Circuit Judges*.

Per Curiam:*

Sheron Gabriel Terrell, Texas prisoner # 1779108, has applied for a certificate of appealability (COA) for an appeal from the denial of his application for a writ of habeas corpus challenging his 2012 conviction of possession of more than one gram and less than four grams of cocaine.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Terrell must make "a substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

First, Terrell asserts that his rights under the Fourth Amendment were violated. The district court held that these claims are barred under the rule in *Stone v. Powell*, 428 U.S. 465, 494 (1976). Terrell has not shown that reasonable jurists would find that the district court's application of *Stone* was debatable or wrong. *See Slack*, 529 U.S. at 484.

Next, Terrell contends that his trial counsel rendered ineffective assistance by failing to litigate his Fourth Amendment claims adequately; by failing to investigate and interview certain witnesses; by failing to impeach the testimony of the arresting officer; and by failing to request a continuance. Terrell complains that appellate counsel failed to raise any meritorious issues. Terrell has not shown that reasonable jurists would find that the district court's deference to the state court's rejection of these ineffective-assistance claims was debatable or wrong. *See id.*

Finally, Terrell complains that the State suppressed the identity of an officer who was at the crime scene and that it presented the false testimony of the arresting officer, in violation of his rights to due process and compulsory process. He has not shown that reasonable jurists would find that the district court's deference to the state court's rejection of these constitutional claims was debatable or wrong. *See Slack*, 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As Terrell fails to make the required showing for a COA on his constitutional claims, we do not reach the question of whether the district court erred by failing to convene an evidentiary hearing. *See United States v.*

No. 19-40678

*Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).  The request for a COA is DENIED.